UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darren Leon Felder,                                   Civil No. 06-1345 (PAM/FLN)

        Petitioner,

    v.                                                **REPORT AND RECOMMENDATION**

Warden R.L. Morrison,

        Respondent.

_____

Darren Leon Felder, *Pro Se* Petitioner.
Timothy C. Rank, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#10] and Petitioner's motion for relief pursuant to 28 U.S.C. § 2241 Habeas Corpus Writ of Mandamus and Injunction [#2]. Respondent filed responses in opposition to Petitioner's petition and motion [#7, #11 and #12]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that the writ of mandamus be considered a part of the petition in this case, and that the petition be granted in part and denied in part.

## I.  BACKGROUND

Petitioner Darren Leon Felder (hereinafter "Petitioner") was sentenced by the Eastern District of Pennsylvania to 192 months, followed by three years of supervised release, for Possession of a Firearm by a Convicted Felon and Credit Card Fraud. (Declaration of Angela Buege (hereinafter "Buege Decl.") ¶ 3. Petitioner is currently incarcerated at the Federal Prison Camp in

-1-

Duluth, Minnesota.

Petitioner was sentenced on June 20, 1995, to 192 months, and, absent any disallowance of good conduct time (hereinafter "GCT") credit, Petitioner will be awarded a total of 705 days of GCT toward his sentence.  (Buege Decl. ¶ 5.)  In addition, Petitioner was awarded 193 days of prior custody credit, and his projected release date is January 2, 2009.  (Buege Decl. ¶ 5.)  The projected release date assumes that Petitioner will not have any future disallowance of GCT.  (Buege Decl. ¶ 6.)  Absent any future disallowance of GCT,

> with respect to each full year the petitioner serves, he is awarded 54 days of GCT, which is subtracted at each anniversary date with the result that the petitioner's projected release date is advanced.  Assuming no future disallowance of GCT, the petitioner will not be in BOP custody for a full year following the projected award of the last 54 days of credit for the remaining time to serve from December 10, 2008, through January 2, 2009; therefore he will be eligible to receive a prorated amount of credit (three days) for this remaining period of his sentence as prescribed by 18 U.S.C. Section 3624(b).

(Buege Decl. ¶ 7.)

Petitioner argues that the BOP incorrectly calculated his GCT.  Petitioner argues that the BOP is in violation of 18 U.S.C. § 3624(b), as the BOP's policy only provides GCT for the time a prisoner has actually served versus providing GCT for each year of a prisoner's "term of imprisonment" as required by the statute.  Petitioner argues that 18 U.S.C. § 3624(b)'s use of the phrase "term of imprisonment" unambiguously refers to the length of the sentence imposed, rather than the number of days actually served in prison by the prisoner.  In the alternative, Petitioner argues that, even if the statute's use of the phrase "term of imprisonment" is ambiguous, the rule of lenity applies and the statutory ambiguity must be resolved in his favor.  Petitioner argues that, since a criminal statute is at issue, deference should not be afforded to the BOP's interpretation of the statute.  Petitioner has exhausted his administrative remedies regarding his challenge to the

-2-

calculation of his GCT.  (Buege Decl. ¶ 10.)

In addition, Petitioner also filed a "Motion for relief pursuant to 28 U.S.C. § 2241 Habeas Corpus Writ of Mandamus and Injunction".  (Docket No. 2.)   In his motion, Petitioner challenges the BOP regulations set forth in 28 C.F.R. §§ 570.20 and 570.21, as well as Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998, (hereinafter "Program Statement"), alleging that the regulations and Program Statement do not permit the BOP to consider the factors that must be considered pursuant to 18 U.S.C. § 3621(b). Petitioner further argues that § 3621(b) gives the authority to the BOP to place a prisoner in a Residential Reentry Center (hereinafter "RRC")[1] at any time during his incarceration, and that Petitioner is entitled to be immediately placed in a RRC.  Petitioner argues that the Program Statement is superceded by § 3621(b), because § 3621(b) gives the BOP the authority to place an inmate in a RRC at anytime, whereas the Program Statement states that the decision on the appropriate amount of time for a RRC referral, "is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date".  Program Statement 7310.04 at 7. Petitioner argues that the court has determined that this Program Statement is invalid on its face, because the courts have held that § 3621(b) gives the authority to place an inmate in a RRC at anytime.

After reviewing all of the documents filed in the present case, the Court construes both the "Motion for relief pursuant to 28 U.S.C. § 2241 Habeas Corpus Writ of Mandamus and Injunction" (Docket No. 2) and the Amended Petition (Docket No. 10) as a petition for a writ of habeas corpus

---

[1] A RRC was previously referred to as a Community Corrections Center (hereinafter "CCC").

pursuant to 28 U.S.C. § 2241. Petitioner's petition alleges the following claims: (1) that the BOP incorrectly calculated Petitioner's GCT; (2) that the BOP regulations set forth in 28 C.F.R. §§ 570.20 and 570.21, as well as Program Statement 7310.04, do not permit the BOP to consider the factors that must be considered pursuant to 18 U.S.C. § 3621(b); and (3) § 3621(b) requires that Petitioner be immediately placed in a RRC for the remainder of his sentence.

## II. DISCUSSION

### A.     The BOP Correctly Calculated Petitioner's GCT

28 U.S.C. § 2241 permits a petition from a petitioner challenging the execution, length or duration of a sentence. 28 U.S.C. § 2241. In the present case, Petitioner challenges the length of his sentence, and argues that the BOP failed to appropriately calculate his GCT in accordance with the unambiguous language of 18 U.S.C. § 3624(b)(1). He argues that the BOP's calculation method, which provides credit based on the time an inmate actually serves while incarcerated, contradicts the unambiguous command of 18 U.S.C. § 3624(b). He argues that the BOP should instead calculate GCT credits based on the length of the sentence imposed. He alleges that based upon his pronounced sentence, he should be credited with 810 days of GCT, rather than the 705 days, as calculated by the BOP. Petitioner argues in the alternative that, even if this Court determines that 18 U.S.C. § 3624(b) is ambiguous, this Court should apply the rule of lenity to the statute and should not defer to the BOP's administrative construction of the statute.

The Eighth Circuit has squarely rejected Petitioner's arguments in the present case. In *Bernitt v. Martinez*, inmates at a federal prison camp in South Dakota challenged the BOP's calculation of their GCT pursuant to 18 U.S.C. § 3624(b). 432 F.3d 868, 869 (8th Cir.2005), *reh'g denied* (Mar. 20, 2006). The inmates argued that "their GCT should be calculated based upon the

length of incarceration imposed at sentencing, rather than-as provided by BOP policy, set out at 28 C.F.R. § 523.20 (2005)-based on the time actually served by the inmate." *Id*. The Eighth Circuit concluded "that section 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's GCT is based on the time served in prison or the sentence imposed." *Id*. The *Bernitt* court further concluded that since "section 3624(b) is ambiguous, we must defer to the BOP's interpretation if it is reasonable." *Id*. (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844-45 (1984)). The *Bernitt* court concluded that the BOP's interpretation of 18 U.S.C. § 3624(b) is reasonable, and noted that the First, Third, Fourth, Fifth, Seventh, Ninth and Eleventh Circuits had all reached similar conclusions. *Id*.

The *Bernitt* court then responded to the inmates' argument that "even if section 3624(b) is ambiguous, the district court should have applied the rule of lenity and resolved the ambiguity in their favor." *Id*. The *Bernitt* court concluded that this argument lacked merit, and stated that it would not "resort to the rule of lenity where, as here, we can otherwise resolve the ambiguity of the statute." *Id*. (citing *O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir.2005); *Perez-Olivio v. Chavez*, 394 F.3d 45, 53-54 (1st Cir.2005)).

As noted above, the Eighth Circuit has considered the issues Petitioner raises in his petition concerning his GCT and has decided squarely against Petitioner. This Court is bound by the precedent of the Eighth Circuit and, therefore, this Court recommends that Petitioner's Amended Petition for Habeas Corpus [#10] be dismissed with prejudice, insofar as it relates to Petitioner's claim that the BOP improperly calculated his GCT.

1.    **Petitioner's Eligibility for RRC Placement Must be Determined by Considering the Factors Enumerated in 18 U.S.C. § 3621(b).**

Petitioner challenges the BOP regulations set forth in 28 C.F.R. §§ 570.20 and 570.21, as

well as the Program Statement.  The regulations set forth in 28 C.F.R. §§ 570.20 and 570.21 previously limited the portion of a prisoner's sentence that could be served in a RRC to six months or the last ten percent of the prisoner's sentence; whichever was less.

Petitioner's motion was filed on March 21, 2006.  On April 6, 2006, the Eighth Circuit issued its decision in *Fults v. Sanders*, 442 F.3d 1088 (8th Cir.2006), holding that 28 C.F.R. §§ 570.20 and 570.21 are invalid because they conflict with 18 U.S.C. § 3621(b).  As a result of this holding, the BOP has changed its position in the Eighth Circuit and recognizes that 28 C.F.R. §§ 570.20 and 570.21 are invalid.  (Docket No. 7 at 1-2.)  The BOP now follows the guidelines that existed before 2002, which allow for direct commitment to a RRC and do not limit RRC placement to six months or ten percent of the sentence, whichever is less.  (Docket No. 7 at 2.) (citing Program Statement 7310.04.)  The Program Statement permits the BOP to transfer an inmate to a RRC for more than the last ten percent of their term, or more than six months, but such an action is "highly unusual" and would require "extraordinary justification".  Program Statement 7310.04 at 4, 8.  According to the Program Statement, the BOP will consider inmates for placement in a RRC initially upon confinement and then again approximately "11 to 13 months before the inmate's projected release date."  Program Statement 7310.04 at 7.  Under this policy, the BOP represents that the decision of when to transfer an inmate to a RRC is based on individualized factors.  (Docket No. 7 at 2.) (citing Program Statement 7310.04 at 7-8.)

As a result of the BOP's change in policy in response to the Eighth Circuit's decision in *Fults*, the Government does not oppose Petitioner's motion "to the extent it seeks to require the BOP to make any determination of petitioner's eligibility without regard to 28 C.F.R. §§ 570.20 and 570.21."  (Docket No. 7 at 2.)  The Government represents that Petitioner has been evaluated under

the BOP's change in policy, and the Government states that Petitioner is now expected to receive between 150 and 180 days of RRC placement. The Court concludes that, to the extent Petitioner seeks a decision requiring the BOP to make his RRC release determination without regard to 28 C.F.R. §§ 570.20 and 570.21, the BOP has already done so. Therefore, the Court recommends that Petitioner's motion be granted to the extent Petitioner seeks a decision requiring the BOP to make his RRC release determination without regard to 28 C.F.R. §§ 570.20 and 570.21.

However, Petitioner also argues that Program Statement 7310.04 is invalid. In what appears to be an alternative argument, Petitioner alleges that the Program Statement does not permit the BOP to consider the factors that must be considered pursuant to 18 U.S.C. § 3621(b). The main thrust of Petitioner's argument is that the BOP should embrace "its previous CCC placement policy of considering CCC placements based on the individual circumstances of individual prisoners such as Petitioner" as required by 18 U.S.C. § 3621(b). (Docket No. 2 at 5.) The BOP has stated that it is now doing just that, by utilizing the guidelines which existed prior to 2002. The BOP has stated that the guidelines it utilized previous to 2002 are those guidelines set out in the Program Statement, and that, under this policy, "the determination of when an inmate is to be transferred to a RRC is based on a number of individualized factors." (Docket No. 7 at 2.)

However, a review of Program Statement 7310.04 reveals that, while the Program Statement cites to 18 U.S.C. § 3621(b), it does not specifically list the five factors enumerated in 18 U.S.C. § 3621(b)[2] that must be considered by the BOP when determining an inmate's place of imprisonment.

---

[2] 18 U.S.C. § 3621(b) states:
(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

*See* Program Statement at 4.  The Program Statement notes that "[s]taff shall make recommendations for CCC placements based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly."  Program Statement at 7.  The Program Statement also notes that "[a] number of factors must be weighed to determine the length of CCC placement . . . including their individual needs and existing community resources."  Program Statement at 7.

Therefore, to the extent that Petitioner's motion seeks to require the BOP to consider the five factors enumerated in 18 U.S.C. § 3621(b) when the BOP makes its determination of Petitioner's eligibility for RRC placement, the Court recommends that the motion be granted.  It appears that the BOP may have already done so, as it states that Program Statement 7310.04 allows the BOP to consider individualized factors.  However, the BOP cites to page seven and eight of the Program Statement in support of its claim that, under the policy it now follows, the determination to transfer an inmate to a RRC "is based on a number of individualized factors."  (Docket No. 7 at 2.)  A review of these pages of the Program Statement shows that the factors listed in 18 U.S.C. § 3621(b) are not specifically included.  (Program Statement 7310.04 at 7-8.)  As noted by the Eighth Circuit, "the

---

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
(B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

BOP . . . [has a] duty to consider the five enumerated factors when making placement decisions. The word immediately preceding the factors is 'considering.' This implies that the BOP must consider all of the factors that follow. . . . Nothing in § 3621(b) suggests that consideration of the factors is optional." *Fults*, 442 F.3d 1092.

Therefore, the Court recommends that the BOP explicitly consider the factors enumerated in 18 U.S.C. § 3621(b) when it determines Petitioner's eligibility for RRC placement. The Court is unclear as to whether the BOP has already done so. Although one court in this district has concluded that the Program Statement is consistent with 18 U.S.C. § 3621(b) and *Fults*[3] the Court concludes that, to the extent that the BOP failed to consider the factors enumerated in 18 U.S.C. § 3621(b) when it determined Petitioner's eligibility for RRC placement, Petitioner's motion should be granted and the BOP should be commanded to consider those factors when determining Petitioner's eligibility. To the extent that the BOP has already done so when it re-evaluated Petitioner's eligibility for RRC placement and determined that Petitioner should receive between 150 and 180 days of RRC placement, the Court recommends that the motion be denied as moot.

## 2.      Petitioner is Not Entitled to An Immediate Transfer

In addition, it also appears to the Court that Petitioner is requesting that he be immediately transferred to a RRC, even though his projected release date is January 2, 2009, over two years from now. Petitioner argues that § 3621(b) gives the authority to the BOP to place a prisoner in a RRC at any time during his incarceration, and that Petitioner is entitled to be immediately placed in a RRC. Petitioner argues that the Program Statement is superceded by § 3621(b), because § 3621(b) gives the BOP the authority to place an inmate in a RRC at anytime, whereas the Program Statement

_____

[3] *See McFadden v. Morrison*, Civ. No. 06-1106 at 4, (MJD/JSM) (D.Minn.Aug. 1, 2006).

states that the final decision on the appropriate amount of time for a RRC referral, "is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date". (Program Statement 7310.04 at 7.) Petitioner argues that the court has determined that this Program Statement is invalid on its face, because the courts have held that § 3621(b) gives the BOP the authority to place an inmate in a RRC at anytime. In *Elwood v. Jeter*, the Eighth Circuit held that

> § 3621(b) gives the BOP the discretion to transfer prisoners to CCCs at any time during their incarceration. Further, the BOP is required to place prisoners in conditions that will afford [them] a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community during a reasonable part of the last ten percent of the prisoner's term, to the extent practicable. This duty shall not extend beyond the last six months of the prisoner's sentence.

386 F.3d 842, 847 (8th Cir.2004) (internal quotations omitted). As stated by the Eighth Circuit, 18 U.S.C. § 3621(b) gives the BOP the *discretion* to transfer prisoners to a RRC at any time during their imprisonment; it does not require the BOP to do so. Therefore, it is a matter of discretion whether Petitioner will be transferred to a RRC prior to the last six months of sentence, and insofar as Petitioner is requesting to be immediately transferred to a RRC, the Court recommends that the motion be denied and that his Petition be dismissed with prejudice.

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Amended Petition for Writ of Habeas Corpus [#10] be **GRANTED in part** and **DENIED in part** as follows:

1.      the Court recommends that Petitioner's Amended Petition for Habeas Corpus [#10] be **DENIED** and dismissed with prejudice, insofar as it relates to Petitioner's claim that the BOP improperly calculated his GCT.

2.      the Court recommends that Petitioner's motion be **GRANTED** to the extent Petitioner seeks a decision requiring the BOP to make his RRC release determination without regard to 28 C.F.R. §§ 570.20 and 570.21.

-10-

3.      the Court recommends that, to the extent that the BOP failed to consider the factors enumerated in 18 U.S.C. § 3621(b) when it determined Petitioner's eligibility for RRC placement, Petitioner's motion should be **GRANTED** and the BOP should be commanded to consider those factors when determining Petitioner's eligibility.  To the extent that the BOP has already done so when it re-evaluated Petitioner's eligibility for RRC placement and determined that Petitioner should receive between 150 and 180 days of RRC placement, the Court recommends that the motion be **DENIED** as moot.

4.      Insofar as Petitioner is requesting to be immediately transferred to a RRC, the Court recommends that the motion be **DENIED** and that his Petition be dismissed with prejudice.

DATED: December 5, 2006                         s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 22, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.