UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darren Felder,                                                    Civil No. 06-1345 (PAM/FLN)

          Petitioner,

v.                                                                                **ORDER**

R.L. Morrison, Warden,

          Respondent.

---

This matter is before the Court on Petitioner's Objection to the Report and Recommendation ("R&R") of United States Magistrate Judge Franklin L. Noel, dated December 5, 2006. The R&R recommended granting in part and denying in part the Petition. For the reasons that follow, the Court overrules the Objection and adopts the R&R.

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota, serving a 192-month sentence imposed by the Eastern District of Pennsylvania on June 20, 1995. Petitioner has already been awarded 193 days of prior custody credit. Absent any disallowance of good conduct time (GCT), Petitioner will also be awarded 705 days of GCT toward his sentence. Taking these days into account, the Bureau of Prisons (BOP) calculated his projected release date as January 2, 2009.

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 on April 7, 2006, and amended the petition on August 23, 2006. He claims that the BOP incorrectly

calculated his GCT. According to Petitioner, the BOP's policy only provides GCT for the time a prisoner has actually served rather than providing GCT for each year of a prisoner's term of imprisonment. Petitioner also challenges the BOP's regulations set forth in 28 C.F.R. §§ 570.20 and 570.21, and Program Statement 7310.04. To remedy these alleged errors, Petitioner seeks an immediate transfer to a residential reentry center (RRC).

The R&R found that the BOP correctly calculated Petitioner's GCT in accordance with 18 U.S.C. § 3624(b), which provides for credit toward service of a sentence for satisfactory behavior, and <u>Bernitt v. Martinez</u>, 432 F.3d 868 (8th Cir. 2005), in which the Eighth Circuit upheld the BOP's interpretation of "term of imprisonment" as used in § 3624(b) to refer to actual time served rather than the length of the sentence imposed. The R&R further found that the BOP may not rely on §§ 570.20 and 570.21 in considering Petitioner's eligibility for placement in an RRC, and that it must consider the factors enumerated in 18 U.S.C. § 3621(b).[1] Finally, the R&R recommended that the Court deny Petitioner's request for an immediate transfer. Petitioner objected only to the finding regarding his GCT calculation.[2]

---

[1] This statute requires the BOP to consider a facility's resources, the offense of conviction, the inmate's history and character, any statements made by the sentencing court, and applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3621(b).

[2] Petitioner did not object to the recommendation that the Court require the BOP to make Petitioner's RRC eligibility determination without regard to 28 C.F.R. §§ 570.20 and 570.21, but by considering the five factors enumerated in 18 U.S.C. § 3621(b). Petitioner also did not object to the recommendation that his request for an immediate transfer to an RRC be denied. The Court adopts these recommendations.

The Court has carefully considered Petitioner's Objection and conducted a de novo review of the record.  See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).  As the R&R concluded, the BOP correctly calculated Petitioner's GCT.  Bernitt is directly on point and squarely rejects the argument advanced by Petitioner.  Although the Eighth Circuit held that § 3624(b) was ambiguous, the court found that the BOP's policy of basing GCT on actual time served was a reasonable interpretation of the statute.  Id. at 869.  Petitioner's GCT calculation claim is dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Amended Petition for Habeas Corpus (Docket No. 10) is **GRANTED in part** and **DENIED in part**;

2. The R&R (Docket No. 16) is **ADOPTED**;

3. The Objection (Docket No. 17) is **OVERRULED**;

4. Petitioner's claim that the BOP improperly calculated his GCT is **DISMISSED with prejudice**;

5. Petitioner's request that the BOP make his RRC eligibility determination without regard to 28 C.F.R. §§ 570.20 and 570.21 is **GRANTED**;

6. To the extent the BOP failed to consider the factors enumerated in 18 U.S.C. § 3621(b) when it determined Petitioner's eligibility for RRC placement, the Petition is **GRANTED**, and the BOP is instructed to consider those factors when determining Petitioner's eligibility; and

7. Petitioner's request for an immediate transfer to an RRC is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 22, 2006

                                                    s/ Paul A. Magnuson
                                                    Paul A. Magnuson
                                                    United States District Court Judge